NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| LONZA INC., | Civil Action No.: 09-4635 (JLL) |
| Plaintiff, | |
| v. | |
| NALCO COMPANY, | OPINION |
| Defendant. | |

LINARES, District Judge.

This matter comes before the Court on Plaintiff Lonza's motion for partial reconsideration of patent claim construction (CM/ECF No. 65) pursuant to Federal Rule of Civil Procedure 59(e) and Local Rule 7.1(I) governing such motions. No oral argument was heard. Fed. R. Civ. P. 78. For the reasons set forth in this Opinion, Defendants' motion is DENIED.

## I. Background and Procedural History

The Court will not set for the underlying facts at length, as it has done so in previous opinions and the Court writes only for the parties. The patent at issue, United States Patent No. RE39,021 (the "'021 Patent"), is directed to a process for making paper which increases biological control in papermaking pulp slurries through the addition of a certain combination of chemicals to the slurry. A Markman hearing pertaining to this matter was held on April 21, 2011. In its August 4, 2011 Markman opinion, the Court construed the following language in

Claim 14 of the '021 Patent: (1) "process for making paper"; (2) "sizing"; and (3) "a mixture consisting essentially of the slimicide and N-hydrogen compound." The Court adopted Plaintiff Lonza's proposed construction of the first two claim terms and Defendant Nalco's proposed construction of the third.

During the Markman hearing and in supporting briefs, the parties asked the Court to construe the currently disputed claims term as follows. Lonza proposed the language "a mixture including a slimicide and an N-hydrogen compound and any other ingredients that do not materially affect the basic and novel properties of the invention," whereas Nalco proposed "a mixture that includes an N-hydrogen compound that excludes any unspecified materials that materially affect the basic and novel characteristics of the mixture." The Court adopted Nalco's proposed construction, finding that the disputed claim term only modifies and applies to the mixture, not the entire claim. Presently, Lonza asks the Court to reconsider its construction of the third claim term, "a mixture consisting essentially of the slimicide and N-hydrogen compound," arguing that "the Court has made an apparent error of law which overlooks both precedence and the correct legal issues in this case" (CM/ECF No. 65, 3).

## II.  LEGAL STANDARD

"A party seeking reconsideration must satisfy a high burden, and must rely on one of three major grounds: (1) an intervening change in controlling law; (2) the availability of new evidence not available previously; or (3) the need to correct clear error of law or prevent manifest injustice." Leja v. Schmidt Mfg., Inc., 743 F.Supp.2d 444, 456 (D.N.J., 2010) (quoting N. River Ins. Co. V. CIGNA Reins. Co., 52, F.3d 119, 1218 (3d Cir. 1995)). Significantly, a motion for

2

reconsideration is not a vehicle to re-litigate old matters or argue new matters that could have been raised before the court made its original decision.  See, e.g., P. Schoenfeld Asset Mgmt., L.L.C. v. Cendant Corp., 161 F. Supp. 2d 349, 352 (D.N.J. 2001).  "A party seeking reconsideration must show more than a disagreement with the Court's decision and 'recapitulation of the cases and arguments considered by the court before rendering its original decision fails to carry the moving party's burden" G-69 v. Degnan, 748 F. Supp. 274, 275 (D.N.J. 1990) (quoting Carteret Savings Bank, F.A. v. Shushan, 721 F.Supp. 705, 709 (D.N.J 1989), appeal dismissed, 919 F.2d 225 (3d Cir. 1990).

Reconsideration is an "extraordinary remedy," which should be "granted very sparingly" See L. Civ. R. 7.1(I) cmt. 6(d); see also Brackett v. Ashcroft, No. 03-3988, 2003 WL 22303078, at *2 (D.N.J., 2003) ("[R]econsideration is an extraordinary remedy, that is granted 'very sparingly', and only when 'dispositive factual matters or controlling decisions of law were brought to the court's attention but not considered").  Motions made under Federal Rule of Civil Procedure 59(e) are governed by Local Rule 7.1, which requires that the moving party "set forth concisely the matter or controlling decisions which the party believes the Judge or Magistrate Judge has overlooked."  Further, "[t]he word 'overlooked' is the dominant term, meaning that except in cases where there is a need to correct a clear error or manifest injustice, 'only dispositive factual matters and controlling decisions of law which were presented to the court but not considered on the original motion may be the subject of a motion for reconsideration.'" Leja v. Schmidt Mfg., Inc., 743 F.Supp.2d 444, 456 (D.N.J., 2010) (citations omitted).

### III.  DISCUSSION

Lonza submits the instant motion on the third ground, namely the need to correct a clear error of law or fact (CM/EFC No. 65).  Plaintiff in its argument primarily relies on three cases as the basis for its claim that the Court overlooked a legal issue that may alter the outcome of the matter and framed the claim construction issue in a way which is contrary to Federal Circuit precedent.

First, Plaintiff once again raises arguments based on PPG Industries v. Guardian Industries Corp., 156 F.3d 1351 (Fed. Cir. 1998) and argues that the Court has "clearly overlooked a legal issue that may alter the disposition of the matter." (CM/ECF. No. 65). However, a review of the record and this Court's prior opinion clearly shows that both Plaintiff and Defendant cited to PPG Industries v. Guardian Industries Corp. in their respective claim construction briefs (CM/ECF Nos. 43, 47), and in addition, the Court discussed PPG Industries in its opinion dated August 4, 2011 (CM/ECF No. 64, 8-9).  As discussed above, a motion for reconsideration is not an opportunity to now re-litigate issues already considered and decided by the court.  Furthermore, Plaintiff fails to demonstrate that the Court made a clear error of law.

In PPG Industries, the Federal Circuit explained that "[t]ypically, 'consisting essentially of' precedes a list of ingredients in a composition claim or a series of steps in a process claim." Id. at 1354.  In addition, the court set forth the construction maxim that the phrase "consisting essentially of" occupies a middle ground between the term "comprising" and the close-ended term "consisting of."  Id.  "By using the term 'consisting essentially of,' the drafter signals that the invention necessarily includes the listed ingredients and is open to unlisted ingredients that do

4

not materially affect the basic and novel properties of the invention." Id.  The case concerned a composition claim directed to "green-tinted glass with specific light transmittance characteristics." PPG Industries, at 1354.  The relevant issue was whether certain ingredients had a material effect on the invention, and the court construed the phrase "consisting essentially of" in dicta.  The patent in that case contained one independent claim, which contained the transition phrase "consisting essentially of" in the beginning of the claim, preceding a list of ingredients with corresponding weight percentages.[1]  Id. at 1353.   Thus, when the court was construing the phrase "glass composition consisting essentially of" it necessarily referred to the invention as a whole, because the invention was the glass itself.  In other words, as discussed in the Court's prior opinion, the phrase is used at the beginning of an independent claim, and thus modifies the entirety of the claim.

The Court reiterates that a court should look first to the language of the claim itself in construing patent claims.  See CM/ECF No. 64 at 8-9 (quoting Vitronics Corp v. Conceptronic, Inc., 90 F.3d 1576, 1582 (Fed. Cir. 1996).  Further, as articulated by the Federal Circuit, "[a] claim must be read in accordance with the precepts of English grammar." In re Hyatt, 708 F.2d 712, 714 (Fed. Cir. 1983) (discussing claim construction with regards to a means claim).  Based on these principles of construction, the Court turns to the '021 Patent.  It is undisputed that the claimed invention is a process claim, as Claim14 of the '021 Patent is directed to a "*process* for making paper." (emphasis added).  Necessarily, the mixture is not the invention as a whole, but

---

[1]The claim begins as follows: "A green tinted, ultraviolet absorbing glass having a base glass composition consisting essentially of," and listed ingredients with weight percentages, and "a colorant portion consisting essentially of ," which did the same.  PPG Industries, at 1352.

merely an element thereof.[2] The transition phrase "consisting essentially of" appears toward the end of the claim and immediately precedes a list of ingredients in the mixture, which comprises a part of the claimed process. Thus, in Claim 14 of the '021 Patent, the phrase only modifies and applies to the mixture element of the process claim in which it appears.

Second, Plaintiff argues that the Court overlooked AK Steel Corp. v. Sollac and Ugine, 344 F.3d 1234 (Fed. Cir. 2003). Plaintiff previously brought this case to the Court's attention, and it was considered by the Court although not cited in the August 4, 2011 opinion. "The fact that an issue was not explicitly mentioned by the court does not on its own entail that the court overlooked the matter in its initial consideration." Morton v. Fauver, No. 97-5172, 2011 WL 2975532 * at 3 (D.N.J., 2011). Nevertheless, the Court notes that AK Steel Corp is also distinguishable because the dispute did not concern whether the term "consisting essentially of" modified the claim in its entirety or an element thereof. Rather, the court there framed the claim construction issue as follows: "whether an amount of silicon in excess of 0.5% in the aluminum coating materially affects the basic and novel properties of the invention." AK Steel v. Sollac and Ugine, at 1239. Thus, although the structure of the claim was similar to Claim 14, the Federal Circuit did not rule on the precise issue presented here.

Third, Plaintiff for the first time raises arguments based on Water Technologies v. Calco Ltd, 850 F.2d 660 (Fed. Cir. 1988), which Plaintiff neither presented in their briefs nor argued during the Markman hearing. "For a matter to have been overlooked, the matter must have been brought to the attention of the court at the time the court made its decision on the underlying

---

[2]Plaintiff additionally argues that the Court's construction requires analysis of inventions not in this case, but fails to cite any law or provide a sufficient basis for not considering the mixture to be an element of the claim.

6

order it is being asked to reconsider." Morton v. Fauver, at 3. Nevertheless, this Court notes that in Water Technologies that court did not consider whether the term "essentially consisting of" should apply to a specific element of a claim or the claim as a whole, as that was not in dispute.

This Court finds that Plaintiff cites no binding precedent which supports the position that the phrase "essentially consisting of" must be construed to apply to the entire invention in this case, where it only modifies one element of the claim.[3] Plaintiff additionally argues that Defendant Nalco admitted in its interrogatories that it recognized "the correct standard." (CM/ECF No. 65, 13). However, the alleged admission in Defendant's interrogatories does not demonstrate that the Court made a clear error of law.

As discussed above, Plaintiff must meet a high burden as reconsideration is an extraordinary remedy which should be granted sparingly. Plaintiff must either demonstrate that the Court made a clear error of law, which Plaintiff has not done, or that the motion must be granted to prevent manifest injustice. With regard to the need to prevent manifest injustice, Plaintiff's motion provides as follows: "In order to prevent manifest injustice bearing directly on not only the outcome, but the fact discovery, presentation at trial, and jury instructions, Lonza is compelled to seek the Court's indulgence in partially reconsidering its holding [in] this case" (CM/ECF No. 65). That request alone simply does not suffice.

## V. CONCLUSION

Plaintiff has not met its burden of demonstrating that the Court made a clear error of law

---

[3] Plaintiff also cites Church & Dwight Co., Inc. V. Abbott Laboratories, 2008 U.S. Dist. LEXIS 49587, *10-11 (D.N.J. June 23, 2008), which was raised during the claim construction. This case is not binding on this Court, and, in any event, the issue as stated by the court was not whether the phrase "consisting essentially of" applied to the entire claim or an element thereof.

or overlooked controlling decisions of law presented to the court during claim construction or in the instant motion, or that manifest injustice will result.  Therefore, particularly in light of the extraordinary nature of the remedy that Plaintiff Lonza seeks, and based on the reasons set forth above, the Court denies Plaintiff's motion for partial reconsideration of claim construction.

      An appropriate Order accompanies this Opinion.


DATED: September 29, 2011                           /s/ Jose L. Linares
                                                           United States District Judge